UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NOLAN KLEIN, | ) | |
| Plaintiff, | ) | 3: 09-cv-0387-LRH-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| TONY CORDA, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 was filed July 22, 2009. On November 18, 2009, the court entered an order granting a motion for substitution of parties and substituting Tonja F. Brown, Special Administrator of the Estate of Nolan E. Klein, in the place of Nolan E. Klein as the plaintiff in this action.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v.*

1  *Atkins*, 487 U.S. 42, 48 (1988).

2        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation
3 Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of
4 poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief
5 may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28
6 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be
7 granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same
8 standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.
9 When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend
10 the complaint with directions as to curing its deficiencies, unless it is clear from the face of the
11 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70
12 F.3d. 1103, 1106 (9th Cir. 1995).

13        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
14 *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a
15 claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim
16 that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In
17 making this determination, the Court takes as true all allegations of material fact stated in the
18 complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v.*
19 *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less
20 stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9
21 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule
22 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels
23 and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic
24 recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S.
25 265, 286 (1986).

26        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
27 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
28 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of the Complaint

This case contains three counts. In count 1, plaintiff claims that he has been denied accommodation of his Wiccan religious practices in violation of the settlement which was reached in *Klein v. Crawford*, 3:05-cv-0463-RLH-RAM. He claims that his right to freely exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") has thereby been violated. The docket of the earlier case indicates that it was closed after a stipulated dismissal with prejudice following a settlement.

In count 2, plaintiff alleges breach of the agreement entered into by the parties to *Klein v. Benedetti*, 3:05-cv-0390 PMP VPC. Plaintiff alleges specifically that the defendants breached the agreement by interfering with his medical treatment, and that this breach was violative of the Eighth Amendment. The docket sheet of the referenced case indicates that the parties stipulated to dismiss the case with prejudice on December 7, 2007.

In count 3, plaintiff again alleges breach of the agreement in *Klein v. Crawford*, 3:05-cv-0463-RLH-RAM, in violation of his First Amendment rights. Specifically, plaintiff claims that the defendants have treated him unequally in regard to the exercise of his religion by transferring him when he sought to exercise his Wiccan religious beliefs.

As set forth above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. at 48. In the present case, plaintiff claims that the terms of settlement agreements he entered into in two earlier cases have been violated. Such claims cannot properly form the basis of a new, separate civil rights action pursuant to 42 U.S.C. § 1983. That is, the violation of a settlement agreement entered into in a civil rights action is not itself a separate civil rights violation. This court has inherent authority under federal law to enforce a settlement agreement in an action pending before it. *See Marks-Foreman v. Reporter Publishing Co.*, 12

F.Supp.2d 1089, 1092 (S.D.Cal.1998) (citing *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir.1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986)).  Thus, if plaintiff wishes to pursue her claims in federal court, the proper procedure for doing so is through a motion in the prior cases to enforce the settlement agreement.  Before doing so, plaintiff should consider whether she has standing to pursue such a remedy in light of the death of the original plaintiff to this action, particularly in regard to injunctive relief.

**IT IS THEREFORE ORDERED** that this civil rights complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.   The dismissal is without prejudice to plaintiff's right to bring a motion in each of the prior cases to enforce the settlement agreement.  The Clerk of the Court is directed to enter judgment accordingly and to close this case.

DATED this 14th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE